```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        CHARLESTON
```

**BRANDY BROYLES, LAMAR BRANDON
MOSLEY, and ANTONIO TERRELL
BRAGGS,**

      **Plaintiffs,**

v.                                    Civil Action No. 2:05-cv-00605

**KFC OF AMERICA, INC.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Discovery in this case has generated a flurry of filings. Defendant KFC of America, Inc. ("KFC") filed a Motion for Sanctions for Failure to Comply with Court Order against Plaintiffs Lamar Brandon Mosley ("Mosley") and Antonio Terrell Braggs ("Braggs") for their failure to comply with the court's February 13, 2006 Order requiring them to answer certain discovery responses. (Docket # 58.) KFC also filed a Motion for Sanctions against Plaintiff Brandy Broyles ("Broyles") for Failure to Admit, together with a supporting memorandum. (Docket # 61, 62.) Broyles filed a Response with memorandum, and KFC replied. (Docket # 64, 65, 72.) Mosley and Braggs filed a Response to the motion against them, together with a supporting memorandum. (Docket # 66, 67.) KFC then filed Exhibits to its pleadings (docket # 71, 73, 74, 81, 82), and

replied to Mosley and Braggs' Response. (Docket # 83.) Thereafter, Mosley and Braggs filed a second response captioned as a reply to KFC's pleading. (Docket # 84.)

The court conducted a hearing on these motions and related matters on April 12, 2006. All three plaintiffs appeared in person with their counsel as instructed by the court's Order of April 3, 2006. All three plaintiffs were sworn.

The court first addressed the Motion for Sanctions against Broyles. KFC argued that sanctions were appropriate because certain of Broyles' responses to its Requests for Admissions "seek[] to keep the door open to argue that KFC was her employer", and because Plaintiff's deposition testimony contradicted her previous responses to requests for admissions. (Docket # 62, p. 1-4.)

The specific Request at issue read as follows:

> 5. Admit that you were employed by B.W. Painter, Inc. at all relevant times mentioned in your Complaint.
>
> **RESPONSE:** On 11/18/05: The Plaintiff admits she has been employed by KFC and B.W. Painter.
>
> On 2/27/06: Admitted. However, the employer gave the Plaintiff the impression that the employee was employed, probably, by KFC as well. Plaintiff was not advised as to the relationship between KFC and B.W. Painter.

(Docket # 62, p. 2-3.)

2

The court finds no fault with this response.  Plaintiff obeyed the court's Order by answering the request directly, in this case, by an admission.  Plaintiff's qualification of her admission does not violate the court's Order or the Rules, which indeed provide, "A denial shall fairly meet the substance of the requested admission, and *when good faith requires that a party qualify an answer or deny only part of the mater of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder*."  Fed.R.Civ.P. 36(a)(2006)(emphasis added).  Plaintiff's qualification is a gesture of good faith, in that it advises Defendant that she is not abandoning her position that KFC was also her employer, along with B.W. Painter.  Much as Defendant would like an outright, unqualified admission on which to base its dispositive motions, the Rules allow for qualification where, as here, facts are in dispute and a wholesale admission would not be accurate from the perspective of the answering party.[1]  The Motion for Sanctions (docket # 61) is **DENIED** as to this point.

Plaintiff's responses to Requests # 12 and # 15 are more disturbing.  KFC inquired whether Plaintiff worked under the influence of drugs on more than one occasion at its store, and whether she possessed drugs there.  (Docket # 62, p. 3.)  Plaintiff

---

[1] Defendant cites numerous facts supporting its argument that B.W. Painter rather than KFC was Plaintiff's employer. However, this is a motion to compel rather than a dispositive motion.  The court will not weigh the evidence and takes no position as to the strength of either party's argument.

unequivocally denied both requests.  <u>Id.</u>  However, in deposition, Plaintiff admitted that she smoked marijuana with managers and other employees in the store more than once.  (Docket # 71, Exhibit 6, p. 3, 5-6, 8-9.)  When questioned under oath in the courtroom, Broyles stated that she did not give her attorney truthful answers in response to the written discovery requests, but instead told him that she did not use drugs in the workplace.  Defendant argues that it has thus demonstrated that Plaintiff's prior answers to the Requests for Admissions were false, and that sanctions are appropriate.

The court understands Defendant's frustration with these contradictory responses.  However, at this juncture, the court cannot make a ruling as to the truth of either answer.  Rule 37 states that "if the [requesting] party <u>thereafter proves</u>...the truth of the matter", the requesting party may apply to the court for the fees and costs expended in arriving at the truth.  Fed.R.Civ.P. 37(c)(2006)(emphasis added).  This court cannot make rulings as to the truth of any party's discovery responses on a motion to compel; that would require weighing the evidence.  Rather, the relief afforded by Rule 37 comes <u>post-trial</u>, after the facts are proven:

> If the [requesting] party obtains [a sworn and specific denial], in proper form, Rule 36 does not provide for a pretrial hearing on whether the response is warranted by the evidence thus far accumulated.  Instead, Rule 37(c) is intended to provide *posttrial relief* in the

4

> form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial.

Fed.R.Civ.P. 37, 1970 Amendment notes, subdivision (c)(2006)(emphasis added).

In its Reply Memorandum, Defendant cited numerous other inconsistencies between Broyles' deposition testimony and her work records and criminal history. (Docket # 72, p. 2-6.) The court has reviewed the transcripts of Broyles' depositions and notes both her hostility towards discovery as well as her contradictory and self-serving statements. Again, while these are understandably frustrating to Defendant at this time, they will serve Defendant well in cross-examination, and may be further grounds for post-trial relief as determined by the presiding District Judge.

Accordingly, these two portions of the Motion for Sanctions and the Reply (docket # 61, 72) are **DENIED WITHOUT PREJUDICE** as premature. Defendant may, depending on the outcome of the trial, re-apply for the relief sought herein by way of a post-trial motion.

Turning to the issues surrounding Plaintiffs Mosley and Braggs, the court believes that attorney Ekanasi made reasonable efforts to contact his clients, but that due to their transient lifestyle, did in fact lose contact with them. The court does not believe that Mosley or Braggs purposefully avoided deposition, and indeed, both did cooperate and give depositions once they had

notice thereof. The court instructed Mosley and Braggs to keep their lawyer informed of their contact information at all times, and would not expect any further trouble of this nature. The Motion for Sanctions for Failure to Comply with Court Order (docket # 58) is **DENIED**.

All three Plaintiffs are warned that future failures to cooperate in discovery may result in a full range of sanctions ranging from fines to default judgment.

It is hereby **ORDERED** that the Motion for Sanctions Against Brandy Broyles (docket # 61) is **DENIED WITHOUT PREJUDICE**, and Motion for Sanctions for Failure to Comply with Court Order (docket # 58) is **DENIED,** as set forth more fully herein.

The Clerk is instructed to transmit copies of this Order to counsel of record.

**ENTER** this 26th day of April, 2006.

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge